438 F.2d 103
 76 L.R.R.M. (BNA) 2685, 64 Lab.Cas. P 11,496
 Gervase J. PURCELL, Jr., Gregory Horan, John R. Keenan,
Samuel J. Rosato, James J. Higgins, and Ronald McGuigan, on
behalf of Local 169, affiliated with the International
Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers
of America,
v.
Frank KEANE, Archie McGowan, Frank Burdy, Bernard Marcus,
Andrew O'Hara,William Maloney, and Fireman's Fund
American Insurance Co.
Edward J. Hartsough-- Deft. on counterclaim.
Petitioner-Intervenor, Local 169, International Brotherhood
of Teamsters, Chauffeurs, Warehousemen and Helpers
of America, Appellant.
 No. 18244.
 United States Court of Appeals, Third Circuit.
 Argued Dec. 15, 1970.
Decided Feb. 11, 1971.
Rehearing Denied March 19, 1971.
 
 Bernard N. Katz, Meranze, Katz, Spear & Bielitsky, Philadelphia, Pa., for appellants.
 James A. Burgess, Jr., Philadelphia, Pa., for appellees.
 Before HASTIE, Chief Judge and FREEDMAN and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Teamsters Local 169 has taken this appeal from an order denying its motion to intervene in this proceeding in which certain members of the union have been permitted to sue on behalf of the union to recover from defendants, who are present or past union officers, the amounts of allegedly wrongful expenditures of union funds. The complaint charges that the challenged expenditures were for personal benefit and not for proper union purposes. The relief sought is an accounting and reimbursement of the union treasury.
 
 
 2
 The complaint also seeks the allowance of attorney's fees out of any fund which is recovered, as authorized by section 501(b) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. 501(b). In denying this motion to intervene the district court determined that the local's interest will be adequately protected by the original parties to this action. Apparently, the union is particularly concerned to participate in any hearing that may occur, if this action is successful, to determine what fees shall be awarded plaintiffs' counsel out of the sum recovered.
 
 
 3
 As concerns the basic controversy over the liability of the defendants, nothing appears in the record that casts any doubt upon the propriety of the district court's exercise of discretion in denying the union's motion to intervene. Section 501(b) explicitly provides that such a suit as this lies only after the union itself has refused to sue and the court 'for good cause shown' has permitted the complaining members to sue on behalf of the union. Neither does it appear at this time that the union's intervention would facilitate any future determination of the claim for attorney's fees. However, when and if the litigation reaches that stage, it will be within the discretion of the district court to reconsider, if the union so requests, whether the ends of justice will then be served by union intervention.
 
 
 4
 The judgment will be affirmed.